IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **CLEOPHUS YOUNG,** | ) |
| **Plaintiff,** | ) |
| v. | ) Case No. 2:05-CV-680-F |
| **WILLIE COLLINS, et al.,** | ) |
| **Defendants.** | ) |

### RESPONSE, WRITTEN REPORT AND ANSWER OF DEFENDANTS WILLIE COLLINS, MARY BRANTLEY, HELEN TURNER, PERRY THOMAS, ROBERTA JACKSON AND VERONICA ROSE TO PLAINTIFF'S COMPLAINT

COME NOW the Defendants, Willie Collins ("Collins") and Mary Brantley ("Brantley"), Perry Thomas ("Thomas"), Roberta Jackson ("Jackson"), Veronica Rose ("Rose") and Helen Turner ("Turner") through undersigned counsel and, in accordance with this Court's Order of August 1, 2005, file this Response, Written Report and Answer in response to Plaintiff's Complaint.

This action is being brought by Plaintiff Cleophus Young, a federal inmate being housed the the Montgomery City Jail. In this action, Plaintiff alleges that Defendants Collins, Brantley, Thomas, Jackson, Rose and Turner violated his constitutional rights from cruel and unusual punishment basically by denying him a balanced diet that will accommodate his Type II diabetes. Plaintiff generally claims in all three grounds that the Defendants have deprived him of the meals that comprise a diet as required for a Type II diabetic and therefore causing him to suffer death and/or irreparable harm. Plaintiff contends kitchen personnel have failed to adhere to medical requirements set out by medical orders and/or recommendations.


SCANNED

*DEFENDANTS' REPORT AND RESPONSE:*

In order to state a valid Eighth Amendment claim, a plaintiff must establish (1) that the deprivation alleged is sufficiently serious or repugnant to the conscience and (2) that the defendant acted wantonly. *Hudson v. MacMillan*, 503 U.S. 1, 9-10 (1992). "Only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Jones v. Shields*, 207 F.3d 491, 495 (8th Cir. 2000).

Young is served a special diet that is comprised of foods that are listed on materials they have received from Dr. Mendez, the City Jail doctor. There are many diabetic inmates in the jail. Special diets are prepared when necessary for inmates with medical conditions. *(See Affidavits of Warden Willie Collins, Affidavit of Mary Brantley and copy of Affidavit of Helen Turner (original to be supplemented), attached hereto as Exhibits 1, 2 and 3, respectively and Exhibit 4, examples of daily menu sheets).*

Young's meals are specially prepared to accommodate his diabetic conditions, such as ice cream and puddings that are conducive to a diabetic condition, sweet and low being placed on his tray so that he may add it to his tea if he wishes, skim milk, and being served juices that contain only natural sugars etc. *(See Affidavits of Warden Willie Collins, Affidavit of Mary Brantley and Affidavit of Helen Turner, attached hereto as Exhibits 1, 2 and 3, respectively).*

In addition, the jail has medical staff that will monitor the medical conditions of our inmates which in the case of an inmate suffering diabetes would include: routinely checking blood sugar on each shift, monitoring medical complaints and following the doctor's suggestions concerning what kind of food to serve them etc. *(See Affidavit of Warden Willie Collins attached hereto as Exhibit 1).*

In order to state a valid Eighth Amendment Claim for failure to provide medical care the Plaintiff must be able to show a deliberate indifference to serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Medical needs are sufficiently serious, for purposes of an Eighth Amendment claim, when they present "a condition of urgency, one that may produce death, degeneration, or extreme pain." *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2nd Cir. 1996).

Young cannot show deliberate indifference of the Montgomery Municipal Jail staff to his medical needs. While Young has been at the jail he has been served with meals that comprise a balanced diet. On numerous occasions, Young has refused to eat the meals that he has been served and sends them back. However, Young buys large amounts of junk food from the commissary. This includes, but is not limited to, candy bars, potato chips, pies, soft drinks etc. *(See Affidavits of Warden Willie Collins, Affidavit of Mary Brantley and Affidavit of Helen Turner, attached hereto as Exhibits 1, 2 and 3, respectively).* Therefore it is not that the staff is showing deliberate indifference to Young's needs but merely that he chooses not to accept the special balanced diet that is provided to inmates with his type medical condition.

On July 12, 2005, a memo was issued by Warden Willie Collins to the staff regarding the practice of correctional officers taking food trays back to the kitchen because the inmate did not want to eat what he was served. Collins addressed the fact that there are medical exceptions, but other than those, the staff was advised that an inmate will eat what he is served or choose not to eat. The jail cannot act as a restaurant and accommodate an inmate with a different meal than what is served simply because he does not want it. *(See Affidavit of Warden Willie Collins attached hereto as Exhibit 1).*

Collins also addressed a complaint made on July 16th by Young against Defendant, Mess Steward Rose, in which Young referenced the Collins' memo of July 12th. Collins informed Young that there is medical exception for special diets and that special diets for diabetics are provided by the

3

kitchen staff and the prepared meals randomly checked by the nurses. *(See Affidavit of Warden Willie Collins attached hereto as Exhibit 1).*

## ANSWER OF DEFENDANTS

Defendants specifically deny all allegations set out in Grounds One, Two and Three of Plaintiff's Complaint and demand strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendants plead that the Complaint fails to state a cause of action entitling Plaintiff to relief. Defendants plead that the Complaint is insufficient to apprise Defendants of the civil crimes or wrongs for which the Plaintiff seeks damages such that the Defendants cannot properly and reasonably defend themselves. Plaintiff has failed to state injury or damages proximately caused by these Defendants.

### SECOND AFFIRMATIVE DEFENSE

Defendants plead the general issue.

### THIRD AFFIRMATIVE DEFENSE

Defendants deny that Plaintiff is entitled to any relief.

### FOURTH AFFIRMATIVE DEFENSE

Defendants deny all allegations not specifically admitted and demands strict proof thereof.

### FIFTH AFFIRMATIVE DEFENSE

Defendants plead qualified immunity.

### SIXTH AFFIRMATIVE DEFENSE

Defendants plead discretionary function immunity set out in §6-5-338 Ala. Code (1975).

## SEVENTH AFFIRMATIVE DEFENSE

Defendants aver that the Plaintiff comes before this Court with unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants plead contributory negligence.

## NINTH AFFIRMATIVE DEFENSE

Defendants plead assumption of the risk.

## TENTH AFFIRMATIVE DEFENSE

Defendants plead that the award of punitive damages would not be proper, appropriate or constitutional.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to amend these affirmative defenses as allowed by the Court.

Respectfully submitted this the 12th day of September, 2005.

/s/ Kimberly O. Fehl
Kimberly O. Fehl (FEH001)
Attorneys for Defendants

**OF COUNSEL:**
**City of Montgomery**
**Legal Department**
103 N. Perry St.
Montgomery, AL 36104
(334) 241-2050
(334) 241-2310 - facsimile

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by causing it to be placed in the U.S. Mail, postage prepaid and properly addressed on this 12th day of September, 2005 to the following:

Cleophus Young
Inmate #74
Montgomery City Jail
Post Office Box 159
Montgomery, Alabama 36101

/s/ Kimberly O. Fehl
OF COUNSEL