IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | |
|---|---|
| CLEOPHUS YOUNG | * |
| Plaintiff, | * |
| v. | * CIVIL ACTION NO. 2:05-CV-680-F |
| | (WO) |
| WILLIE R. COLLINS, *et al.*, | * |
| Defendants. | * |

_____

**ORDER ON MOTION**

On August 31, 2005 Plaintiff filed a Motion to Amend Complaint. In his proposed motion to amend, Plaintiff seeks to add the following allegations to his complaint:

• Medical treatment is inadequate because there is no nurse on duty at the Montgomery City Jail during the late evening to early morning hours on Fridays, Saturdays, and Sundays (from approximately 10:30 p.m. to 6:30 a.m.);

• Following removal of ingrown toe nails at a local doctor's office, no medication was on hand for a period of two days which subjected Plaintiff to retaliation; and

• Plaintiff was subjected to harassment when a nurse gave him one rather than two Tylenol® tablets for pain.

Upon consideration of Plaintiff's motion, the court finds that the proposed motion to amend complaint, as pled, fails to state claims of constitutional magnitude. Specifically, Plaintiff complains that he is subjected to inadequate medical care because a nurse is not on

duty at the jail during the late evening to early morning hours on the weekends. This claim entitles Plaintiff to no relief. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Taylor v. Adams*, 221 F.3d 1254 (11th Cir. 2000) (to state a claim under 42 U.S.C. § 1983 based on a failure to provide adequate medical treatment, Plaintiff must allege that he has a serious medical condition and that prison officials are deliberately indifferent to his needs). Plaintiff's allegation that he experienced retaliation because pain medication was not available for two days after he had ingrown toe nails removed does not state a viable § 1983 claim. *See Woods v. Smith,* 60 F.3d 1161, 1166 (5th Cir. 1995) ( conclusory allegations of retaliation will not support a § 1983 claim; inmate must allege "a chronology of events from which retaliation may plausibly be inferred."). Similarly, Plaintiff's contention that he was harassed when he received only one rather than two pain tablets fails to state a claim of constitutional magnitude. *See Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993); *McFadden v. Lucas*, 713 F.3d 143, 146 (5th Cir. 1983) (verbal harassment and abuse and mere threatening language and gestures of a custodial officer do not amount to a constitutional violation).

In light of the foregoing, it is

ORDERED that Plaintiff's Motion to Amend Complaint (Doc. No. 6) is DENIED.

Done this 13th day of September, 2005.

**/s/ Delores R. Boyd**
UNITED STATES MAGISTRATE JUDGE

for

VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE