IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| CLEOPHUS YOUNG | * | |
| Plaintiff, | * | |
| v. | * | 2:05-CV-680-MEF |
| | | (WO) |
| WILLIE R. COLLINS, *et al.*, | * | |
| Defendants. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On July 25, 2005 Cleophus Young ["Young"], a federal inmate housed at the Montgomery City Jail, filed this 42 U.S.C. § 1983 complaint challenging the conditions of his confinement. In his complaint Young requests only injunctive relief. (Doc. No. 1 at pg. 4.) Young is no longer incarcerated at the Montgomery City Jail.[1]

Upon consideration of the pleadings filed in this case, the court concludes that the instant complaint is due to be dismissed as the claims raised therein are moot.

**I. DISCUSSION**

Young complains that while incarcerated at the Montgomery City Jail Defendants

---

[1] Young is in the custody of the Bureau of Prisons and currently incarcerated at Estill Correctional Institution in Estill, South Carolina. *See* http://www.bop.gov/iloc2/LocateInmate.jsp.

failed to provide him with a balanced diet which would accommodate his Type II diabetes. He alleges that kitchen personnel failed to comply with diet profiles issued by medical personnel which, in turn, required him take insulin shots and skip meals. (Doc. No. 1 at pg. 3.) The court has recently determined that Young is no longer confined in the Montgomery City Jail. In light of the foregoing, the court concludes that Young's claims for relief are moot and that this case is due to be dismissed. *See County of Los Angeles v. Davis*, 440 U.S. 625 (1979); *Cotterall v. Paul*, 755 F.2d 777 (11th Cir. 1985).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED as moot.

It is further

ORDERED that on or before September 27, 2006 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the

District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 13th day of September 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE